**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Russell RETHERFORD,
Defendant-Appellant.**

**No. 17237.**

United States Court of Appeals
Seventh Circuit.

Oct. 2, 1969.

Leonard B. Boudin, Kristin Booth Glen, New York City, for defendant-appellant; Victor Rabinowitz, Michael B. Standard, Rabinowitz, Boudin & Standard, New York City, on the brief.

K. Edwin Applegate, U. S. Atty., David A. Casterline, Asst. U. S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Before DUFFY and KERNER, Circuit Judges and CAMPBELL, District Judge.

PER CURIAM:

Appellant-defendant was found guilty on two separate indictments charging him with violations of the Military Selective Service Act of 1967 (50 U.S.C. § 462); (1) willfully and knowingly failing to comply with an order of the Selective Service System to report for and submit to an armed forces physical examination; and (2) with willfully and knowingly failing to possess his notice of classification form. (S.S. form 110).

As to the first indictment the examination was scheduled for December 7, 1967 and, upon appellant's explanation of his absence was rescheduled for January 12, 1968. The indictment was then returned on December 15, 1967, before the date set for the rescheduled examination. Appellant properly attended the examination as rescheduled. He was never officially declared delinquent by the Selective Service System. Subsequently he did appear for the physical examination at the first opportunity and on the date set by the board.

As to the second indictment appellant returned a card classifying him 1-A on December 6, 1967 accompanying his appeal application but retained his former card classifying him 2-S. On December 19, 1967 defendant was sent a notice of delinquency for failure to possess his classification card. Appellant then wrote the local board stating that he had returned his card in connection with his appeal. He was informed that a duplicate classification card could be secured upon completion of Form SS 6 and the local board sent him the application for a duplicate card. Appellant filed the application for duplicate card and received his duplicate card classifying him 1-A on approximately February 23, 1968. The second indictment was returned on that date.

Though officially declared delinquent on this charge, the appellant promptly corrected that delinquency upon the offer of the Selective Service System to comply with the regulations. In response appellant complied and the Selective Service System appears satisfied with that compliance. Furthermore, Selective Service Regulation 1642.42 (32 C.F.R. § 1642.42) provides in substance, that after a delinquent is reported to the United States Attorney, the United States Attorney shall, subject to the supervision and direction of the Attorney General, decide whether the delinquent shall be prosecuted. Prior to trial the United States Attorney moved to dismiss the indictment in 68 CR 27, which charged failure to possess the classification card, because the prosecution had not been authorized by the Attorney General. The government's motion to dismiss was denied. That motion should have been granted.

On this basis neither of these prosecutions should have been brought. See Chernekoff v. United States, 219 F.2d 721 (9 Cir. 1955). Accordingly, the judgments of conviction are each and both reversed. Let the indictments be dismissed.